Dear Mr. Hodge:
You advise that an individual who is domiciled in Ouachita Parish wishes to adopt his wife's adult child. The adult child is domiciled in the State of Massachusetts. You ask whether the act of adoption must be executed by all parties in one parish.
R.S. 9:461 governs our response and provides, in pertinent part:
 A. Any person eighteen years or older may adopt any person over the age of seventeen years, according to the following conditions, limitations, and procedure:
 (1) The adoption shall be effected by the execution of a notarial act signed by:
 (a) The adoptive parent or parents and the person to be adopted when the person to be adopted is a major or an emancipated minor.
 * * * *
 B. The notarial act executed in accordance with Paragraph A(1) of this Section shall be registered, in the parish or parishes in which both the adoptive parent or parents and the person being adopted are domiciled, with the clerk of court or, in Orleans Parish, with the register of conveyances. The clerk of court or register of conveyances shall record all such notarial acts of adoption, except as otherwise provided in Subsection A hereof, a separate book kept by him for the purpose and shall keep an index of the same under the names of the adoptive parents and the person adopted.
R.S. 9:461 does not require that the act of adoption be executed in one parish. The statute requires only that the act of adoption be registered in the parish or parishes in which both the adoptive parent(s) and the person being adopted are domiciled.
The "notarial act" referenced in R.S. 9:461 is not an "authentic act" as defined in Civil Code Art. 1833.[1] InSuccession of Thomson, 60 So.2d 411 (1952), the Louisiana Supreme Court, construing the term "notarial act" as it was used in Act 169 of 1940, (presently found in R.S. 9:461 as amended), distinguished "authentic act" and "notarial act" as follows:
 It is significant that the later statute [Act 169 of 1940] does not require the adoption to be by authentic act or by an acknowledged private act, both of which are defined in the Civil Code and are required to be witnessed. When the legislature provided that the adoption should be by notarial act signed by the interested parties without defining the words "notarial act" and without providing that it be witnessed, it is evident that the legislature did not intend that the act should be executed in the presence of and signed by witnesses. . . . Since the legislature has seen fit to dispense with the requirement that the adoption be effected by authentic act or acknowledged private act, it is evident that they did so for a purpose and we cannot, in the absence of any statute defining a notarial act, say that the legislature intended for the act to be passed in the presence of and signed by witnesses. 60 So.2d at 414.
In re RLV, 486 So.2d 206 (La.App. 1st Cir. 1986), the court cited Thomson with approval, stating: "Act 169 of 1940, construed in Thomson, supra, became La. R.S. 9:461 which has been amended in 1952, 1978, 1983 and 1984, none of which amendments has ever defined the term "notarial act" which is still the method of effecting a Section 461 adoption. Therefore, the rationale and holding of Thomson are as valid today as when the case was decided." 486 So.2d at page 215.
Thus, the signatures of the parties may be notarized in Louisiana and separately in Massachusetts. The act of adoption need not be executed solely in Ouachita Parish.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
[1] La.C.C. Art 1833 defines "authentic act" as "a writing executed before a notary public or other officer authorized to perform that function, in the presence of two witnesses, and signed by each party who executed it, by each witness, and by each notary public before whom it was executed."